

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:06-CR-00139 |
| | : | |
| v. | : | Judge Christopher C. Conner |
| | : | |
| KEVIN WILLIAM SMALL | : | |

**FILED**
**HARRISBURG**
MAR 19 2007
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

<u>DEFENDANT'S MOTION FOR CLEARIFICATION HEARING</u>

AND NOW comes petitioner, Kevin W. Small, pro-se who files this Motion to request a hearing to clearify an issue before his sentencing takes place on rather petitioner should be given the downward departures explained herein.

1. Petitioner was found guilty on February 8, 2007 of four (4) counts of making false or fraudulent claims to agencies of the United States, in violation of 18 U.S.C.§287, and not guilty of one count of mail fraud in violation of 18 U.S.C.

2. Petitioner believes that he is entitled to a three (3) level reduction in his offense level for acceptance of responsibility despite proceeding to trial resulting in his finding of guilt.

3. Under §3E1.1 of the Federal Guidelines Manual, Acceptance of Responsibility, sections (a), and (b) it states in part that;

If a defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels, sec. (a), (b), wherein it states, If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to inter a plea of guilty, thereby permitting the government and the court to allocate their resources efficiently, decrease the offense level by (1) additional level.

4. Defendant believes that he clearly met the criteria under both sections (a), and (b), by accepting responsibility of the offenses outlined in the governments indictment in a letter written to Assistant U.S. Attorney General Mrs. Christy Fawcett, one day after receiving a **Target Letter** dated December 13, 2005.

5. Petitioner wrote a letter to Mrs. Fawcett dated on or about December 15, 2005, the date he was given the letter by I.R.S. Special Agent Christopher D. Kegerreis, expressing his willingness to cooperate with the government. The target letter went on to say in part that if I wished to discuss a pre-indictment resolution of this case, that I should contact the U.S. Attorneys office by January 18, 2006.

Moreover, the letter continued on to say that, if we have not heard from you promptly, we intend to move forward with our investigation.

6. After not hearing from the U.S. Attorneys office, I again contacted their office to advised them that I had changed locations, and that it was my desire to plead guilty to the charges set forth in the governments indictment. In both the petitioners letters, it was clearly indicated that he wished to cooperate in this matter, and petitioner acted in a timely matter.

7. Petitioner, at no time contacted the government stating that he had changed his mind about cooperating, and even stated in both letters that he would not change his mind. It was the government who failed to contact the petitioner to arrange a date in which they would have petitioner delivered to them via the U.S. Marshalls Service.

8. Petitioner believes that the sentencing Court on it's own motion should allow petitioner to receive an additional downward departure from the sentencing guidelines, because petitioner was ready and willing to provide substantial assistance pursuant to Section 5K1.1 of the United States Sentencing Guidelines.

[3]

9. Pettitioner believes that he was deprived of the sentencing benefits alloted to him by cooperating with the investigation being conducted by the government, as for he had an ample amount of information that he wished to provide the government concerning the unlawful activities of others.

10. During the Petitioners trial, while testifying in his own behalf, he reminded the Assistant U.S. Attorney that he attempted to fully cooperate with their investigation and plead guilty, thus avoiding a trial, however Mrs. Fawcett stated that in her capacity as Assistant U.S. Attorney, that she was prohibited from talking with me, because I was at that point represented by the Federal Public Defenders Office.

11. Mrs. Fawcett's allegation that I was represented by the Federal Public Defenders Office was inaccurate because I never saught the assistance of the Public Defenders office until I was brought to my initial appearance in front of Magistrate Judge J. Andrew Smyser on May 2, 2006, and it is there that I first signed papers that allowed the Federal Public Defenders Office to represent me in this matter. Attorney Thomas A. Thornton, then entered a plea of not guilty on my behalf.

12. Petitioner contacted the U.S. Attorneys office on or about February 22, 2007 again and requested that they exercise their discretion in recommending a downward departure if I provide substantial assistance into other criminal activity relevant to this matter.

[4]

13. Petitioner made every attempt to promptly notify the government and attempt to fully cooperate, and bring this matter to a close without the need of a criminal trial. The petitioner contacted the Office of The Attorney General on two (2) seperate occasions requesting that he be allowed to cooperate because he was aware that he had assisted in criminal activity.

14. The Government chose not to follow up with petitioners offer to cooperate. Some five (5) months passed since the petitioner contacted their office, and they still failed to make any effort to contact the petitioner. The governments **Target Letter** clearly stated that time was of the essence in this case, and that I **must** act promptly, and petitioner did as he was instructed.

15. Petitioner contacted the U.S. Attorneys office without seeking the advice of counsel because he waived his right to do so when he wrote the two (2) letters to them indicating his involvement in this matter and voluntarily wishing to speak to them. Petitioner didn't want to proceed with a trial, but what was he expected to do when according to the **Target Letter**, the January 18, 2006 date had come and gone, and still no word from their office either way. They said nothing about stopping their investigation, they stated that if they hear from me they would move forward with their investigation. Petitioner feels that he was forced to proceed with a trial that wasn't necessary, and one he didn't want to proceed with.

16. Petitioner attempted to do what he felt was the right thing by contacting the U.S. Attorney and fully cooperate on every level but was ignored, and now must pay an unecessary price simply because the government ignored it's own policy. The petitioner request that the government be bound by it's own policy and enter a judgement in favor of the petitioner consistant with the request herein.

Dfendant exercised his right to a trial by jury because he felt that it was the only thing left to do to have relevant matters heard on record, however he still wishes to provide substantial information to the government pertaining to on-going criminal matters to assist him at his sentencing, and to earn the downward departures he request.

WHEREFORE, petitioner respectfully request that This Honorable Court grant his petition and set a date where The Court can make a ruling on the facts stated herein.

Respectfully submitted,

Date: March 1, 2007

/s/ _Kevin William Small_
KEVIN WILLIAM SMALL
Petitioner/Defendant
Prisoner I.D.#BS-1970
S.C.I. Fayette
P.O.Box 9999
LaBelle, PA. 15450

CERTIFICATE OF SERVICE

I Kevin Small, do hereby certify that on this date I have served a copy of the defendants MOTION FOR CLEARIFICATION HEARING via U.S.Mail, first class addressed to the following:

United States District Court
Federal Building
Office of the Clerk
228 Walnut Street
Harrisburg, PA. 17101

United States Attorney's Office
Federal Building/Room 217
228 Walnut Street
Harrisburg, PA. 17101

Thomas A. Thornton, Esq.
Asst.Public Defender
100 Chestnut Street/Ste. 306
Harrisburg, PA. 17101


Date:  March 16, 2007                /s/ [signature]
                                     Kevin Small #BS-1970
                                     S.C.I.Fayette
                                     P.O.Box 9999
                                     LaBelle, PA. 15450

Kevin Small          # BS-1970
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

**INMATE MAIL
DEPT. OF CORRECTIONS**

United States District Court
Federal Building
Office of the Clerk
228 Walnut Street
Harrisburg, PA. 17191

**INMATE MAIL - DEPARTMENT OF CORRECTIONS**



02 1A
000462001 3
MAILED FROM ZIP CODE 15450
$00.63
MAR 16 2007