# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0139** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **KEVIN WILLIAM SMALL** | : | |
| | : | |

## MEMORANDUM

Presently before the court is a motion (Doc. 130) filed by Kevin William Small

("Small") to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255.[1]  Small

claims that his sentence is improper because: (1) venue was improper in the Middle

District of Pennsylvania; (2) the government violated <u>Brady v. Maryland</u>, 373 U.S.

83 (1963), in withholding certain evidence; and (3) he received ineffective assistance

of counsel.  (<u>Id.</u> at 5).  Also pending before the court are two motions: one (Doc. 143)

seeking leave to amend the § 2255 motion, and another (Doc. 144) requesting a

hearing.  In these motions, Small contends that the admission of certain evidence

violated his right to confrontation.  For the reasons that follow, Small's § 2255

motion (Doc. 130) will be denied, and the ancillary motions (Docs. 143, 144) will

likewise be denied.

---

[1] <u>See</u> 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

I.    **<u>Statement of Facts & Procedural History</u>**

On April 12, 2006, the Grand Jury indicted Small on four counts of filing false federal income tax returns, in violation of 18 U.S.C. § 287, and one count of mail fraud, in violation of 18 U.S.C. § 1341.  (Doc. 1).  Specifically, Small was charged with filing four false IRS form 1040s, seeking tax refunds totaling $1,023,903, while he was incarcerated in Pennsylvania.  (<u>Id.</u>)

On May 2, 2006, Small entered a plea of not guilty, and the court appointed Thomas A. Thornton, Esquire, ("Thornton") as counsel on his behalf.  (Doc. 12, 13).  A Superseding Indictment charging the same offenses was filed on January 31, 2007, to which Small plead not guilty on February 5, 2007.  (Doc. 62, 67).

A jury trial took place between February 5 and February 8, 2007.  (Doc. 77).  Small defended himself on the basis "that he had not filed those tax returns," and to support that contention, he "called several other inmates who testified that they were responsible for filing the false tax returns."  <u>See</u> <u>U.S. v. Small</u>, 307 F. App'x 703 (3d Cir. 2009).  In turn, the government produced evidence from Small's mail and Small's cell directly linking him to the tax forms.  <u>Id.</u>  The jury found Small guilty on counts one through four of the Superseding Indictment and not guilty of count five.  (Doc. 77).  The court sentenced Small to 135 months imprisonment, a three-year term of supervised release, and payment of a $1000 fine and a $400 special assessment.  (Doc. 95).

Small appealed to the Third Circuit Court of Appeals on October 9, 2007. (Doc. 96).  The Third Circuit affirmed the judgment and sentence on January 23, 2009.  See Small, 307 F. App'x 703.  On June 1, 2010, Small timely filed the pending motion (Doc. 130) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The motion has been fully briefed and is ripe for disposition.  On July 1, 2011, Small filed a motion (Doc. 143) seeking leave to amend his § 2255 motion, and on July 11, 2011, he filed a motion (Doc. 144) requesting a hearing.  The court will address these motions in turn.

## II.   Legal Standard

Section 2255 permits relief for an error of law or fact only where the error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice."  See U.S. v. Eakman, 378 F.3d 294 (3d Cir. 2004) (quoting Hill v. United States, 368 U.S. 424 (1962)).  A person "who has raised an issue, and had it resolved by a federal court, cannot start from scratch on collateral review and ask the judiciary to proceed as if the first resolution had not occurred."  Peoples v. U.S., 403 F.3d 844 (7th Cir. 2005); see also Sanders v. United States, 373 U.S. 1 (1963); Davis v. United States, 417 U.S. 333 (1974).

In United States v. Frady, the Supreme court held that the proper standard of review for collateral attacks on trial errors, where no contemporaneous objection was made, is the "cause and actual prejudice" standard.  See United States v. Frady, 456 U.S. 152, 167 (1982); see also U.S. v. Pelullo, 399 F.3d 19, 220 (3d Cir.

2005).  Under this standard, "to obtain collateral relief based on trial errors to which

no contemporaneous objection was made, a convicted defendant must show both

(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice'

resulting from the errors of which he complains."  See Frady, 456 U.S. at 167-68;

Pelullo, 399 F.3d at 220-21.

### III.   Discussion

In his § 2255 motion, Small alleges that venue was improper in the Middle

District of Pennsylvania, that the government suppressed evidence favorable to him

in violation of Brady, and that he was provided with ineffective assistance of

counsel.  The court will address Small's arguments *seriatim*.  The court will then

analyze the issue raised in Small's request for leave to amend and his request for a

hearing: the alleged violation of Small's rights under the Confrontation Clause.

### A.   Improper Venue

Small contends that "venue was improper in the Middle District of

Pennsylvania because no crime took place within the Middle District of

Pennsylvania."  (See Doc 131 at 2).  Small has waived this argument by failing to

raise it in a timely manner.  A defendant "must raise the issue of improper venue

before the jury returns a verdict."  United States v. Robinson, 167 F.3d 824, 829 (3d

Cir. 1999) (citing United States v. Parrish, 736 F.2d 152, 158 (5th Cir. 1984) (per

curiam) ("[T]he courts have consistently ruled that a claim of venue must be raised

at least prior to a verdict."); United States v. Cordero, 668 F.2d 32, 44 (1st Cir. 1981)

4

(same)).  Small did not raise the issue of venue until his direct appeal to the Third

Circuit.  The court concludes Small waived his objection to venue.

Assuming, *arguendo*, that Small properly raised a challenge to venue, the

court concludes that venue was proper in the Middle District of Pennsylvania.  The

Federal Rules of Criminal Procedure mandate that "prosecution shall be had in a

district in which the offense was committed."  FED. R. CRIM. P. 18.  Furthermore, by

federal law, "[a]ny offense . . . begun in one district and completed in another, or

committed in more than one district, may be inquired of and prosecuted in any

district in which such offense was begun, continued, or completed."  18 U.S.C.

§ 3237.  Small admits that he resided "at the State Correctional Institution at Camp

Hill during the time period that one of the tax returns [was] filed," and he also

admits that "the Camp Hill prison is located within the Middle District of

Pennsylvania."  (Doc. 131 at 2).  At trial, the Government produced evidence from

Small's mail and Small's cell directly linking him to the tax forms.  See Small, 307 F.

App'x 703.  Thus, the government sustained its burden of proving that venue was

proper in the Middle District of Pennsylvania.[2]

**B.    Brady Violations**

Small argues that the government withheld exculpatory evidence in violation

of Brady.  In Brady, the Supreme Court held that "the suppression by the

---

[2] The court also notes that the Third Circuit found Small's claim concerning
venue to be frivolous.  Small, 307 F. App'x 703.

prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Lewis v. Horn</u>, 581 F.3d 92, 108 (3d Cir. 2009) (citing <u>Brady v. Maryland</u>, 373 U.S. 83 (1963)).  The Supreme Court has outlined a three-part test to determine if a <u>Brady</u> violation has occurred: (1) The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. <u>Id.</u>

The court notes that Small failed to object to these alleged <u>Brady</u> violations during trial or post-trial proceedings.  Therefore, he must satisfy the "cause and actual prejudice standard." <u>See</u> <u>U.S. v. Pelullo</u>, 399 F.3d 197 (3d Cir. 2005) (citing <u>Frady</u>, 455 U.S at 167 ("to obtain collateral relief based on trial errors to which no contemporaneous objection was made . . . a defendant must show both . . . cause . . . and actual prejudice")); <u>see also</u> <u>United States v. Jenkins</u>, 333 F.3d 151, 154-155 (3d Cir. 2003).  Small has failed to prove "cause or actual prejudice," resulting from the alleged Brady violations.  (<u>See</u> Doc. 131; Doc. 139.)  Additionally, the government presented overwhelming evidence linking Small to his returns, such as letters, prison address, social security number, bank accounts, handwritten notations, and fingerprints.  <u>See</u> <u>Small</u>, 307 F. App'x 703.  The court notes that Small admitted guilt to the crimes at sentencing.  <u>Id.</u>  For all of these reasons, the court concludes that Small has failed to satisfy the standard.

6

If the court assumes, *arguendo*, that Small did not procedurally default on these alleged <u>Brady</u> violations, the undersigned would nevertheless reject these claims as meritless.  Small has failed to present proof that the government withheld exculpatory evidence.  Small alleges that (1) he informed the IRS that his identity was stolen,[3] (Doc. 131 at 5); (2) the government failed to provide Exhibit 69 to defense counsel,[4] (Doc. 131 at 10); (3) the government failed to provide two envelopes to defense counsel,[5] (Doc. 131 at 11); (4) the government knowingly allowed false testimony from Ms. Teresa Lowman ("Lowman"),[6] and suppressed a

---

[3] Small attaches exhibit six as support for this alleged Brady violation.  (Doc. 131 at 30).  Contrary to Small's assertion, exhibit six in no way supports this allegation.

[4] This claim is based on a sidebar exchange wherein Small's attorney states "I haven't seen it."  (Doc. 105 at 94).  Small apparently mistakes this statement as a reference to the exhibit itself.  But in fact, the attorney was stating that he hadn't seen a record establishing that a certain number, which appeared on Exhibit 69, was the social security number of another inmate.  Shortly thereafter, that fact was established by uncontradicted witness testimony.  (<u>See</u> Doc. 105 at 94-100).  The court finds no basis to conclude that a Brady violation occurred.

[5] Small produced the first envelope at issue; hence, he has no legitimate argument that the government withheld it.  The second envelope at issue was provided to defense counsel during trial.

[6] Small alleges the government knowingly allowed false testimony from Ms. Lowman.  He alleges that his first contact with Lowman occurred on March 10, 2005 and that the government "knowingly allowed" Lowman to testify falsely that "she was 100% positive that she sent defendant a response to his request on January 26, 2005."  (<u>See</u> Doc. 131 at 12-13).  However, Small's description of Lowman's allegedly false testimony is inaccurate.  In fact, Lowman testified, "I wrote him a letter on January 26th and then in turn he wrote me a letter back on March the 10th."  (<u>See</u> Doc. 104 at 187).  The court also notes that Lowman's testimony corresponds with her sworn affidavit.  (<u>See</u> government trial exhibit 30).  Small's contention that she testified falsely is therefore unsupported and meritless.

7

book of checks mailed to Small from Lowman,[7] (Doc. 131 at 13); and (5) the

government suppressed letters allegedly written by Small and mailed to prison

officials.[8] (Doc. 131 at 14).  The court concludes that any alleged <u>Brady</u> violations

are insufficient to prove a constitutional violation resulting in a "miscarriage of

justice" for which § 2255 would permit relief.  <u>See</u> <u>U.S. v. Eakman</u>, 378 F.3d 294 (3d

Cir. 2004) ((quoting <u>Hill v. United States</u>, 368 U.S. 424 (1962)); <u>see also</u> <u>Small</u>, 307 F.

App'x 703 (finding the alleged Brady violations "frivolous").

### C.   **Ineffective Assistance of Counsel**

Small alleges that he was denied effective assistance of counsel, in violation

of his Sixth Amendment rights under the United States Constitution.[9]  In

particular, Small claims that his trial counsel, Thornton, was ineffective because he:

---

[7] Lowman testified that she mailed the book of checks to Small.  (Doc. 104 at 189).  Small argues that the government suppressed this book of checks.  However, Small has failed to provide even a scintilla of evidence that the government ever possessed the book of checks.  Hence, the court cannot conclude that the government withheld this evidence.

[8] Small argues the government suppressed an exculpatory letter that he allegedly wrote reporting to prison officials, indicating that his name was involved in fraudulent activity.  (<u>See</u> Doc. 131 at 14).  The government contends that the letter was written by another inmate and provides evidence of Small's guilt.  (Doc. 105 at 121).  One of the government's witnesses testified that he did not believe the letter at issue was written by Small.  <u>Id.</u>  This testimony directly contradicts Small's contentions concerning the letter.  In the absence of evidence supporting Small's argument, the court finds no basis to conclude that the letter at issue was favorable to Small's defense, and more broadly, that <u>Brady</u> applies to it.

[9] The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend. VI.

(1) failed to object to the admittance of <u>Brady</u> material introduced into evidence by the government at trial, (Doc. 130 at 5); (2) failed to call witnesses, (<u>id.</u>); (3) failed to subpoena the phone records of defendant and Lowman of the Hagerstown Trust company, (Doc. 131 at 13); and (4) failed to subpoena a letter discovered through cross-examination of John Reading, (<u>id.</u> at 14).

To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient representation was prejudicial to the petitioner." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). When evaluating whether counsel has satisfied the objective standard of reasonableness, courts must be highly deferential toward trial counsel's conduct. <u>See</u> <u>id.</u> at 686. In analyzing whether counsel's performance prejudiced the outcome, courts must determine whether the result of the proceeding would have been different but for counsel's deficient performance. <u>See</u> <u>id.</u> at 694. Counsel cannot be deemed ineffective for failing to raise a meritless claim. <u>See</u> <u>United States v. Saunders</u>, 165 F.3d 248, 253 (3d Cir. 1999).

The court rejects Small's claim. Not only did Small admit guilt to the crimes for which he was convicted, <u>see</u> <u>Small</u>, 307 F. App'x 703, but also, Small "admitted he lied to his counsel and commended his counsel's performance despite that fact." <u>Id.</u> at 706. The court concludes that Mr. Thornton's representation did not fall below an objective standard of reasonableness. <u>Id.</u>; <u>see also</u> <u>United States v. Mozon</u>, 359 F.3d 110, 120 (2d Cir. 2004) (finding no ineffectiveness where counsel

performed skillfully taking into account that his client was lying to him).  Thornton

was certainly not ineffective for failing to object to the alleged <u>Brady</u> violations

because, as the court has discussed <u>supra</u>, Part III.C, Small's claims concerning

<u>Brady</u> violations are meritless.  The court finds no violation of Small's right to

effective assistance of counsel.

### D.    <u>Confrontation Rights Violation</u>

Small seeks leave to amend his § 2255 motion, to add a claim that his right to

confrontation was infringed.  (<u>See</u> Doc. 143; <u>see also</u> Doc. 144).  Small also requests

a hearing on this issue.  (Doc. 144).  The court finds that a hearing is not necessary

to resolve the issues presented in the pending motions, and therefore, it will deny

Small's request for a hearing.  The court will also deny Small's request for leave to

amend, because the claim he seeks to add is untimely, and because amendment

would be futile.

Small's time for raising new claims in a § 2255 motion has expired.  A one

year limitation period applies to habeas corpus relief under § 2255.  <u>See</u> 28 U.S.C.

§ 2255(f).  The limitation period begins from the latest of the following dates: (1) the

date on which the judgment of conviction becomes final; (2) the date on which the

impediment to making a motion created by governmental action in violation of the

Constitution or laws of the United States is removed; (3) the date on which the right

asserted was initially recognized by the Supreme Court; and (4) the date on which

the facts supporting the claim or claims presented could have been discovered.  <u>Id.</u>

10

The court concludes that any new claims would be time-barred under the plain text of § 2255(f).  The date on which Small could have discovered the facts supporting his Confrontation Clause claim is the date on which the government's witness gave the testimony he cites in his motion, which occurred more than four years ago.  (See Doc. 143-1).  On that date, the Supreme Court had obviously recognized the right to confrontation,[10] and there was no governmentally-created, unlawful impediment to making a motion.  Small's judgment of conviction became final on June 1, 2009, when the Supreme Court denied Small's petition for certiorari.  (See Doc. 135 note 1).  Hence, the latest of the events that could trigger the limitations period occurred on June 1, 2009, and the limitations period expired on June 1, 2010.  The court rejects Small's belated request to amend.

The court further concludes that granting Small leave to amend would be futile, because his proposed new claim fails on the merits.  Small seeks to invoke the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  The Confrontation Clause of the Sixth Amendment "guarantees a defendant's right to confront those who bear testimony against him."  See Melendez-Diaz v. Massachussetts, --- U.S. ---, 129 S. Ct. 2527, 2531 (2009) (internal

---

[10] See Crawford v. Washington, 541 U.S. 36, 51-54 (2004) (holding that the Confrontation Clause affords a defendant the right to confront witnesses who "bear testimony" against him, and that the testimonial statements of a witness who does not appear at trial is not admissible into evidence, "unless he was unavailable to testify, and the defendant had had a prior opportunity" to cross-examine him).

11

quotations omitted).  Testimonial statements covered by the Confrontation Clause includes reports that are "prepared under circumstances that would lead an objective witness reasonably to believe that it would be used prosecutorially at trial."  See Gov't of Virgin Islands v. Vicars, 340 F. App'x 811 (3d Cir. 2009) (citing Melendez-Diaz, --- U.S. ---, 129 S. Ct. 2527).

The Confrontation Clause is not implicated in the case *sub judice*.  Small's argument arises from the fact that the government introduced fingerprint evidence, but the original fingerprint examiner was not able to attend trial.  (See Doc. 143-1 ¶ 3).  A witness for the government, Corporal Thomas G. Carr ("Carr"), examined the fingerprint evidence introduced at trial, and he reached the same conclusion as the original fingerprint examiner.  (See Doc. 105 at 34).  Carr's conclusion was subsequently verified by his superior.  (Id. at 35).  Carr's examination, verification, and conclusion were used as evidence for the prosecution.  Significantly, however, the prosecution did not use evidence from the original fingerprint examiner.  Therefore, the original fingerprint examiner's absence from trial does not violate the Confrontation Clause.  For the reasons discussed above, the court will deny Small's motion to amend (Doc. 143) as untimely and futile.

**V.**      **Conclusion**

Small's § 2255 motion (Doc. 130) will be denied, and his motions (Docs. 143, 144) seeking leave to amend and a hearing will also be denied.  An appropriate order will follow.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       August 9, 2011

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0139** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **KEVIN WILLIAM SMALL** | : | |
| | : | |

<u>**ORDER**</u>

AND NOW, this 9th day of August, 2011, upon consideration of the motion (Doc. 130), filed by Kevin William Small ("Small"), to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255, and upon further consideration of the motion (Doc. 143) seeking leave to amend the § 2255 motion, and the motion (Doc. 144) requesting a hearing, and for the reason set forth in the accompanying memorandum, it is hereby ORDERED that:

1.    The motions (Docs. 130, 143, 144) are DENIED.

2.    A certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c).

3.    The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner   
CHRISTOPHER C. CONNER
United States District Judge