IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN WILLIAM SMALL, :
    Petitioner : No. 1:06-cr-139
:
v. : (Chief Judge Kane)
:
UNITED STATES OF AMERICA, :
    Respondent :

**MEMORANDUM ORDER**

Currently pending before the Court is Petitioner Kevin Small's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. No. 154.) For the reasons set forth below, the Court will deny the motion without prejudice to Petitioner's right to seek certification from the United States Court of Appeals for the Third Circuit.

On May 2, 2006, following a jury trial, Petitioner was found guilty of filing false federal income tax returns, in violation of 18 U.S.C. § 287. (Doc. No. 77.) The Court sentenced Small to 135 months imprisonment, a three-year term of supervised release, and payment of a $1000 fine and a $400 special assessment. (Doc. No. 95.) The Third Circuit affirmed Petitioner's conviction and sentence on January 23, 2009. On June 1, 2010, Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 130.) Judge Conner denied the motion to vacate on August 9, 2011. (Doc. No. 146.) Petitioner appealed, and the Third Circuit denied Petitioner's motion for a certificate of appealability, for essentially the same reasons as those provided by Judge Conner, on October 12, 2011. Plaintiff filed the instant Section 2255 motion on November 23, 2012. (Doc. No. 154.) On November 29, 2012, this case was reassigned to the undersigned.

1

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a second or successive habeas corpus application filed by a federal prisoner like Petitioner:

> [M]ust be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Because Petitioner's motion is a second or successive habeas petition, it must be accompanied by certification from the court of appeals authorizing the petition. 28 U.S.C. § 2255(h). Petitioner has failed to obtain the certification required from the Third Circuit; therefore, the Court lacks jurisdiction over Petitioner's motion. Id.

**ACCORDINGLY**, on this 5th day of December 2012, **IT IS HEREBY ORDERED THAT** Petitioner's motion to vacate his sentence (Doc. No. 154) is **DENIED WITHOUT PREJUDICE** to Petitioner's right to seek permission from the United States Court of Appeals for the Third Circuit to file a second or successive motion under 28 U.S.C. § 2255.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania