IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 06-139 |
| | : |
| KEVIN WILLIAM SMALL | : |

## ORDER

**AND NOW**, this 2nd day of October, 2023, upon consideration of Defendant Kevin William Small's Motion for Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(a) and Correction of Sentence (Doc. No. 209) and Motion to Proceed In Forma Pauperis (Doc. No. 210), I find as follows:

**Factual Background**

1. On October 5, 2007, Defendant was convicted of four counts of Making False Claims in violation of 18 U.S.C. § 287. The Honorable Christopher Conner sentenced him to a term of 135 months' imprisonment to be served consecutively to Defendant's state court sentences, as well as a three-year term of supervised release, a $1000 fine, and a $400 special assessment. The United States Court of Appeals for the Third Circuit affirmed the Judgment and Conviction on January 8, 2009.

2. On June 1, 2010,[1] Defendant filed a motion to vacate under 28 U.S.C. § 2255. On August 9, 2011, Judge Conner denied the motion, and Defendant appealed. The Third Circuit denied Defendant's motion for a certificate of appealability for essentially the same reasons provided by Judge Conner.

---

[1] Defendant had filed a previous petition pursuant to 28 U.S.C. § 2255, but then withdrew that petition in February 2010 so that he could file an all-inclusive motion under § 2255. (Doc. No. 129).

3. Defendant then filed another motion pursuant to 28 U.S.C. § 2255 on November 23, 2012, which was reassigned to the Honorable Yvette Kane. Judge Kane denied Defendant's motion as a second or successive habeas petition for which Defendant had not obtained authorization from the Third Circuit. Defendant appealed, and, on March 28, 2013, the Third Circuit denied his request for a certificate of appealability.

4. On April 23, 2013, Defendant filed a motion for new trial based on newly-discovered evidence. By Order from the Chief Judge of the Third Circuit, the matter was transferred to my docket. On November 19, 2013, I denied Defendant's motion for new trial, which the Third Circuit summarily affirmed.

5. Defendant then proceeded to file numerous additional motions, including a motion pursuant to Rule 60(b)(3), motion for appointment of counsel, motion for an evidentiary hearing, and motion to set aside judgment for lack of subject matter jurisdiction. I denied these Motions on July 15, 2020 (Doc. No. 191).

6. On April 13, 2021, Defendant filed his first motion for compassionate release under the First Step Act. I denied that motion on June 22, 2021, finding that Defendant had not set forth an extraordinary and compelling reason for release.

7. Defendant then filed a series of new motions, including a motion for relief from the denial of compassionate release, a miscellaneous motion for summary judgment, a motion for relief from judgment based on fraud, and another motion for compassionate release. I denied all of these motions, and the Third Circuit affirmed.

8. On May 31, 2023, Defendant filed the instant Motion for Reduction in Term of Imprisonment under 18 U.S.C. § 3582 and for Correction of Sentence, together with a Motion to Proceed In Forma Pauperis.

**Discussion**

9. Defendant's Motion for Reduction of Sentence alleges that extraordinary and compelling reasons exist to vacate his sentence. Specifically, he contends that his conviction was premised on fraudulent documentation manufactured by three separate law enforcement agencies. Defendant also argues that his sentence is improper because his past criminal history was incorrectly calculated, resulting in a faulty determination of the range under the Sentencing Guidelines.

10. Although Defendant raises his Motion under 18 U.S.C. § 3582(c)(1)(A), that statute only permits modification of a term of imprisonment for certain enumerated "extraordinary and compelling" reasons. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(1)–(2). The substance of Defendant's Motion does not present any of these "extraordinary and compelling" reasons but rather challenges the validity of both his conviction and his resulting sentence.

11. The Third Circuit has expressly held that "§ 2255 must be used to raise a challenge to the validity of a [federal prisoner's] conviction or sentence unless that section is 'inadequate or ineffective.'" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). "The 'inadequate or ineffective' exception applies in rare circumstances only, such as when a federal prisoner had 'no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application.'" Dixon v. Warden of FCI Schuylkill, 647 F. App'x 62, 64 (3d Cir. 2016) (quoting Okereke, 307 F.3d at 120). As Defendant has not identified such a rare circumstance, his request for relief must be raised under § 2255.

12. Nonetheless, even if I were to liberally construe Defendant's Motion as being brought pursuant to § 2255, it constitutes a "second or successive" habeas petition over which I have no jurisdiction. A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been raised in a prior habeas petition. See <u>Benchoff v. Colleran</u>, 404 F.3d 812, 817 (3d Cir. 2005); <u>In re Olabode</u>, 325 F.3d 166, 169-73 (3d Cir. 2003). Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3d Cir. 2002).

13. Here, as noted above, Defendant has previously filed several § 2255 petitions challenging the validity of his conviction. Any additional challenges to his conviction or allegations of irregularity in his sentencing could have been but were not raised at that time. Accordingly, the present Motion constitutes a second or successive petition. As Defendant has not obtained an order from the Third Circuit authorizing this petition, I lack jurisdiction to consider its merits.

**WHEREFORE**, it is hereby **ORDERED** that:

1. Defendant's Motion for Reduction in Term of Imprisonment under 18 U.S.C. § 3582 (Doc. No. 209) is **DENIED**;

2. There is no basis to issue a certificate of appealability; and

3. Defendant's Motion to Proceed in Forma Pauperis (Doc. No. 210) is **DENIED AS MOOT**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG,   J.**